IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD DARRELL TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-1051-N-BN |
| | § | |
| GARRETT GARDEN APARTMENTS, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Reginald Darrell Taylor brings this *pro se* case action against his apartment complex and its management alleging discrimination, breach of contract, and negligence. *See* Dkt. No. 3. United States District Judge David C. Godbey referred Taylor's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. After reviewing Taylor's complaint, the undersigned questions whether there is subject matter jurisdiction and therefore enters, given the circumstances of this case, these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of subject matter jurisdiction.

These findings and conclusions provide Taylor notice as to the jurisdictional deficiencies. And the ability to file objections to the undersigned's recommendation that this case be dismissed for lack of jurisdiction (further explained below) affords Taylor an opportunity to establish to the Court that its does indeed have subject matter jurisdiction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Taylor chose to file his lawsuit in federal court, so it is his burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United*

*States*, 242 F.3d 600, 602 (5th Cir. 2001))). And, if he does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "For diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile

serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). Accordingly, the United States Court of Appeals for the Fifth Circuit "has stated that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Taylor has not affirmatively and distinctly alleged diversity jurisdiction, as he has failed to allege the citizenships of the parties. Nor does it seem that he can establish complete diversity here, as he has sued the apartment complex where he lives and its management, including an individual alleged to be managing the complex in Dallas, who plausibly shares Taylor's place of residence. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (per curiam) ("Evidence of a person's place of residence … is prima facie proof of his domicile." (citations omitted)); *Stine*, 213 F.2d at 448 ("Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile.").

Turning to Section 1331, federal question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009)

(quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))). "[T]his 'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted).

As to any plausible violations of federal law, Taylor makes conclusory statements, including that he was "subjected … to deceptive business practices, racial, gender, and sex discrimination harassment because of his black skin (African American)" and that the defendants "harassed and retaliated against [him] because he filed a complaint with the [Better Business Bureau] and because of his black skin and by taping parking violation against his tinted windows." Dkt. No. 3 at 1, 2; *see also id.* at 5 (Notice of Lease Violation Taylor attaches to his complaint indicating that Taylor violated his lease by "[m]aking bad faith allegations": "accusations about staff discriminating [against him] when approached about community rules"). Taylor also cites the Fair Housing Act as a basis under which he is proceeding. *See id.* at 6.

Insofar as Taylor identifies that his claims are for housing discrimination, generally speaking, "to assert a prima facie claim of housing discrimination under … the [Fair Housing Act (the FHA)], a plaintiff must prove that he (or a family member) is a member of a protected class; he applied for and was [qualified to rent or purchase housing]; he was rejected; and the housing remained available to other similarly situated purchasers thereafter." *Petrello v. Prucka*, 484 F. App'x 939, 942 (5th Cir.

2012) (per curiam) (citing *Lindsay v. Yates*, 498 F.3d 434, 438-39 (6th Cir. 2007);

*Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003)).

But this typical formulation of FHA discrimination does not preclude an

existing tenant, such as Lewis, from making such a claim, because

> "[t]he FHA affords a private cause of action to any 'aggrieved person.'"
> *Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2003) (quoting 42 U.S.C. §
> 3613(a)(1)(A)). An "'[a]ggrieved person' includes any person who ... (1)
> claims to have been injured by a discriminatory housing practice; or (2)
> believes that such person will be injured by a discriminatory housing
> practice that is about to occur." 42 U.S.C. §§ 3602(i)(1)-(2); *see also Case*,
> 340 F.3d at 289. "[T]he sole requirement for standing under [the FHA]
> is the Article III minima of injury in fact." *Havens Realty Corp. v.
> Coleman*, 455 U.S. 363, 372 (1982). A plaintiff satisfies the injury in fact
> requirement if there is a "distinct and palpable injury fairly traceable to
> the challenged action." *See L & F Homes & Dev., L.L.C. v. City of
> Gulfport, Miss.*, 538 F. App'x 395, 400 (5th Cir. 2013) (citing *Havens
> Realty*, 455 U.S. at 375-76).

*Chavez v. Aber*, 122 F. Supp. 3d 581, 592 (W.D. Tex. 2015); *see, e.g., Elmowitz v.

Executive Towers at Lido, LLC*, 571 F. Supp. 3d 370, 375 (E.D.N.Y. 2008) (as to

disability discrimination under the FHA, holding that, "[e]ven though typical FHA

claims apply to those seeking to rent or purchase housing, the 'language of the statute

is broad enough to encompass an existing tenant who is denied access to [his] dwelling

because of a handicap'" (citation omitted)); *see also Cadena v. Hicks*, No. A-16-CV-

1009-RP, 2016 WL 6135454, at *6 (W.D. Tex. Oct. 21, 2016) ("[N]o tenant can assert

a private right of action under the FHA for due process violations or tort claims. The

FHA only affords an aggrieved person a private right of action for discriminatory

housing practices." (citations omitted))

Here, however, Taylor has alleged no nonconclusory facts to allow the Court

to, at a minimum, infer that he has been aggrieved because of his membership in a

protected class.

## Recommendation

The Court should dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 12, 2021

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE